**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 25-11927
Non-Argument Calendar
_____

STATE OF FLORIDA,
FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,
FLORIDA DEPARTMENT OF MANAGEMENT SERVICES,
CATHOLIC MEDICAL ASSOCIATION,
   on behalf of its current and future members,

                                                        *Plaintiffs-Appellants,*

versus

DEPARTMENT OF HEALTH AND HUMAN SERVICES,
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
   in his official capacity,
DIRECTOR, OFFICE FOR CIVIL RIGHTS,
   in her official capacity,
CENTERS FOR MEDICARE AND MEDICAID SERVICES,
ADMINISTRATOR, CENTERS FOR MEDICARE
AND MEDICAID SERVICES,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01080-WFJ-TGW

_____

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

    The Catholic Medical Association, the State of Florida, the Florida Agency for Health Care Administration, and the Florida Department of Management Services filed this action against the U.S. Department of Health and Human Services and various federal health officials. On June 6, 2025, the plaintiffs filed a notice of appeal designating two endorsed orders, which created this appeal.

    In the first endorsed order, on April 9, 2025, the district court lifted a stay that was in place while a previous appeal was pending and converted the administrative closure of the case to a "full closure." The plaintiffs filed a motion requesting that the court reopen the case and clarify the effect of the April 9 order. On June 5, 2025, in the second endorsed order, the court denied the plaintiffs' motion to reopen the case, saying "[t]here is no case or controversy presently pending." The next day, the plaintiffs filed their notice of appeal from the April 9 and June 5 orders. On June 9, 2025, the district court entered an endorsed order directing the clerk to "dismiss this case without prejudice as moot and not capable of

repetition within any reasonable time frame." The plaintiffs then filed a second notice of appeal, designating the June 9 order.[1]

A jurisdictional question asked the parties to address whether the plaintiffs' June 6 appeal was taken from a final, appealable order. The plaintiffs respond that, construed together, the April 9 and June 5 orders constituted a final judgment dismissing the case for lack of jurisdiction. Alternatively, they argue that the June 6 notice of appeal relates forward to the June 9 order such that this Court has jurisdiction over this appeal even if the April 9 and June 5 orders were not final. The defendants respond that the April 9 and June 5 orders dismissed the case as moot, ending the litigation on the merits and producing a final judgment.

Upon review of the record, particularly the plain text of the district court's endorsed orders, we conclude that there was not a final, appealable order at the time the plaintiffs' filed this first appeal. First, while the April 9 order converted the administrative closure to a "full closure," it was not final and appealable because it did not resolve any of the claims between the parties. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (providing that final decisions end the litigation on the merits and leave the court with nothing to do but execute the final judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (providing that an order that disposes of fewer than all claims against all parties to an action is generally not final or

---

[1] This notice of appeal resulted in appeal number 25-12095, which is currently pending.

| | | |
|---|---|---|
| 4 | Opinion of the Court | 25-11927 |

immediately appealable). The June 5 order also did not dispose of any claims. *See Sargeant*, 689 F.3d at 1245-46. The district court's entry of the June 9 order dismissing the pending claims indicated that the court intended for the June 9 order—rather than the June 5 order—to end the litigation on the merits and serve as the final action in the case. *See CSX Transp., Inc.*, 235 F.3d at 1327; *Sargeant*, 689 F.3d at 1245-46. Thus, neither the April 9 nor June 5 orders was final or immediately appealable. *See* 28 U.S.C. §§ 1291, 1292.

Second, we disagree that the June 6 notice of appeal relates forward to the June 9 order such that the second notice of appeal was unnecessary. The June 6 notice of appeal was premature as to the June 9 order, and the June 9 final order did not retroactively validate this appeal from the interlocutory orders. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal must designate an existing judgment or order); *Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986) (providing that when a notice of appeal is filed from a non-final interlocutory order, a subsequent final judgment generally does not validate the premature notice of appeal).

Accordingly, this appeal is DISMISSED. All pending motions are DENIED as moot. This ruling does not affect the plaintiffs' separate appeal pending in appeal number 25-12095.